UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK DOOLEY, individually and as the Successor in Interest to the decedent Robert Dooley,<br><br>  Plaintiff,<br><br>  vs.<br><br>GRANCARE, LLC dba CREEKSIDE HEALTHCARE CENTER, and DOES 2 through 200, inclusive,<br><br>  Defendants. | Case No:  C 15-3038 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND, AND STRIKING FIRST AMENDED COMPLAINT**<br><br>Dkt. 20 |

The parties are presently before the Court on Plaintiff's motion to remand and for the recovery of fees. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion. In addition, the Court STRIKES Plaintiff's First Amended Complaint ("FAC"), which was filed improperly.[1]

## I. BACKGROUND

On May 5, 2015, Patrick Dooley, as the successor in interest to decedent Robert Dooley ("Decedent"), filed the instant action in the Alameda County Superior Court against Grancare, LLC dba Creekside Health Center ("Grancare"). Plaintiff alleges that Decedent

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

was mistreated while at Grancare's nursing facility in San Pablo, California, and ultimately died as a result. The Complaint alleges causes of action for: (1) elder abuse, pursuant to California Welfare and Institutions Code §§ 15600, et seq.; (2) negligence; (3) negligent hiring, supervision and retention; (4) violation of resident's rights, pursuant to California Health and Safety Code § 1430(b), and (5) wrongful death.

On June 30, 2015, Grancare removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). The day after Grancare answered the Complaint, Plaintiff, without leave of court or the stipulation of Grancare, filed the FAC in this Court. The FAC alleges the same causes of action as the Complaint and joins Janet Rotich ("Rotich"), an administrator at Grancare and a California resident, as a party-defendant. Dkt. 11. In response, Defendants answered the FAC and filed a second notice of removal. Dkt. 15.

Plaintiff now moves to remand the action on the ground that diversity jurisdiction is now absent, as both he and Rotich are California residents. Defendants counter that Rotich is a fraudulently-joined defendant whose citizenship should be disregarded for purposes of determining whether diversity jurisdiction is present.

## II.  DISCUSSION

The doctrine of fraudulent joinder provides that the "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting in part McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). The fraudulent joinder doctrine presupposes that the allegedly fraudulently-joined party, is, in fact, a proper party to the action. As will be discussed below, the Court finds that the doctrine is inapt because Plaintiff's putative joinder of Rotich as a party-defendant is procedurally improper.

Plaintiff's original complaint named only one defendant—Grancare—which, for purposes of the federal diversity jurisdiction statute, 28 U.S.C. § 1332(a), is a citizen of Delaware and Georgia. Plaintiff is a resident of California, and there is no dispute that the amount in controversy exceeds $75,000. As such, there can be no legitimate dispute that the removal was proper. See Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments[.]").

"Once removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001). A court may either "[1] deny joinder, or [2] permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); see Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). In order to join a non-diverse party after removal, a plaintiff must seek leave of court, pursuant to 28 U.S.C. § 1447(e). See Newcombe, 157 F.3d at 691. In deciding whether to grant leave, courts consider:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation Servs. v. Compania Mexicana De Aviacion, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). The decision of whether to grant leave to allow the joinder of a non-diverse defendant is a matter of the district court's discretion. Newcombe, 157 F.3d at 691.

In the instant case, Plaintiff did not seek leave to join Rotich pursuant to a motion brought under § 1447(e). Rather, the day after Grancare filed its answer, Plaintiff simply filed an amended complaint that added Rotich as a party-defendant. In doing so, Plaintiff apparently relied on Rule 15(a), which permits a party to amend its pleading "once as a matter of course," inter alia, within "21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). However, federal courts have concluded that when an amendment

1  would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to
2  amend a pleading without leave of court; such an amendment must instead be analyzed
3  pursuant to § 1447(e).  See e.g., Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999)
4  ("a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C.
5  § 1447(e), even if the joinder was without leave of court."); Ascension Enters. v. Allied
6  Signal, 969 F. Supp. 359, 360 (M.D. La. 1997) ("[§] 1447(e) trumps Rule 15(a)").

      In view of the foregoing, the Court finds that Plaintiff's filing of a FAC and putative joinder of Rotich as a party-defendant under the auspices of Rule 15(a)(1) are legally ineffective.  Because Plaintiff failed to seek leave in accordance with § 1447(e), the Court strikes the FAC from the record.  See Wein v. Liberty Lloyds of Tex. Ins. Co., No. A-15-CA-19-SS, 2015 WL 1275915, *4-5, 7 (W.D. Tex. Mar. 19, 2015) (striking an amended complaint that added non-diverse defendants and denying the plaintiff's motion to remand).  Without Rotich, there is complete diversity between the parties.  Accordingly, remand is not required.

### III.  CONCLUSION

      For the reasons set forth above,

      IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is DENIED.  Plaintiff's First Amended Complaint, Dkt. 11, shall be STRICKEN from the record.  The denial of Plaintiff's motion to remand is without prejudice to the filing of a motion to join Rotich in accordance with 28 U.S.C. § 1447(e).  The parties are reminded of their obligation to meet and confer in good faith prior to the submission of any request to the Court.

      IT IS SO ORDERED.

Dated:  11/5/15

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge